UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

3:25-cv-76-MMH-MCR

**UNITED STATES OF AMERICA**   Case No.: 3:19-cr-191-MMH

vs.

**DAVID STEVENS**
_____/

## MOTION TO STAY IMPOSITION OF SENTENCE AND VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. §2255

**COMES NOW**, The Law Offices of Randy Reep, currently counsel of record for Defendant David Stevens, and hereby moves the honorable Court to Stay Imposition of Sentence and Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. §2255 in the above captioned case.

## BACKGROUND

Defendant accepted responsibility and pled guilty to Count One of the Indictment pursuant to a written plea agreement on August 11, 2021 with Counts Eight and Eighteen to be dismissed at sentencing. Defendant was sentenced in this case on December 6, 2024, following his conviction for Count One, Conspiracy to Commit Health Care Fraud. Defendant was adjudged guilty on Count One, the Downward Departure based Upon Substantial Assistance was Granted, and Defendant was sentenced to Four (4) months imprisonment, followed by Two (2) years' Supervised Release. Defendant is ordered to surrender for service of sentence at Coleman FCI before 2:00 P.M. on February 4, 2025.

During the sentencing hearing while considering all factors in mitigation, the Court relied, in part, on a mischaracterization of Defendant's conduct while on felony probation in a Duval County case, including the scope and breadth of the substantial assistance provided by

Defendant which impacted the Court's sentencing decision. Specifically, the Court implied that the Defendant initiated the criminal conduct in the instant matter while still on felony probation.

However, when the Court made reference to the Defendant's conduct on felony probation on Duval County Case 2012-CF-11140, the Court opined that probation is not a good fit for Defendant suggesting that Defendant had willfully engaged in the criminal conduct of the instant case while on probation in Duval County.

Here is where the Defendant implored his counsel to clarify this material detail to the sentencing judge. In fact, while on felony probation Defendant had express court approval to participate in legitimate employment as the Marketing Director for Muyres Investment Group in a signed Order in case 2012-CF-11140 on March 19, 2015. The scope of Defendant's work was as a consultant and not as an integral member of Muyres Investment Group.

Defendant was not implicated in any criminal wrongdoing in his business associations with the specific business venture mentioned in the Order. Therefore, two critical misperceptions may have occurred in the sentencing hearing. One, that the Defendant surreptitiously began work in the medical field with the Muyres Group in violation of conditions of felony probation in the Duval County felony case. In reality, the Defendant had express approval to work in the narrow capacity as a consultant without any interaction with patients and was not implicated in any criminal wrongdoing with that enterprise.

Two, that Defendant received additional "credit" for substantial assistance when in fact the Defendant was never indicted in another jurisdiction for his affiliation with the Muyres Group. However, the Defendant actually voluntarily expanded the scope of his cooperation with authorities in the Jacksonville area which led to significant successful prosecutions.

Furthermore, the Court appeared to narrowly waver between a sentence of imprisonment and probation. Fearing an unclarified misunderstanding of the characterization of Defendant's conduct on probation would cause Defendant harm in consideration of a probationary sentence, Defendant made repeated requests to his counsel during the sentencing hearing to orally intervene to clarify the Defendant's employment conduct and assistance while on probation. But counsel for the Defendant failed to do so. This failure of action despite requests made by Defendant *in situ* materially harmed Defendant and resulted in a sentence disparity as between other similarly situated defendants.

Defendant has cooperated extensively with Government including making three proffers, meeting with prosecutors on two separate occasions to prepare his trial testimony, testifying for the Government over the course of two days on October 5 and 6, 2021, providing valuable information to federal authorities that directly led to convictions in federal cases. A general reference was made to the Government's recommendation of a four-level departure based on substantial assistance in a Supplement to Defendant's Sentencing Memorandum filed on November 27, 2024.

## **MEMORANDUM OF LAW**

To establish ineffective assistance of counsel, Defendant must demonstrate that (1) counsel's performance was deficient, and (2) he was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential.... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the

time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted). To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*). A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## CONCLUSION

The information Defendant provided, only briefly highlighted in this instant motion, directly contributed to the successful conviction of multiple individuals involved in significant criminal activities in Georgia and Florida. This level of cooperation is far greater than what was presented at the sentencing hearing. Most critically, during sentencing hearing when the Court made statements concerning the Defendant's conduct on probation while contemplating a sentence, counsel for Defendant failed to clarify statements concerning the scope and breadth of the Defendant's *court-approved* employment with the Muyres Group, the lack of any criminal indictment of the Defendant concerning his relationship with the Muyres Group, and substantial assistance across jurisdictions at the request of the government which continued unabated while Defendant was on probation. The Court appeared to misinterpret the Defendant's conduct on probation and despite the real-time pleas of the Defendant, counsel for the Defendant failed to clarify this vital issue in the midst of sentencing, clearly prejudicing the Defendant and

materially affecting sentencing. But for this deficient performance, the outcome of the sentencing hearing would have been different.

**WHEREFORE**, Defendant, David Stevens, respectfully requests this Honorable Court enter an Order staying imposition of sentence and granting a hearing to correct the record concerning Defendant's conduct during probation while providing substantial assistance to the Government.

Respectfully Submitted,

_____
Randal S Reep             FBN 0076607
John S. Holzbaur Jr.      FBN 1007976
Stefanie K. Nolan         FBN 195316
6720 Atlantic Blvd
Jacksonville, FL 32211
Phone: (904) 830-4444 / Fax (904) 432-3344
Email: crim@reeplaw.com
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 21st day of January 2025, a true copy of the foregoing was served by electronic notification to Michael Coolican, Esq., Office of the United States Attorney, and all other counsel of record.

_____
John S. Holzbaur Jr.